UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>Mykalai Kontilai,<br><br>　　　　　　Defendant | Case No. 2:20-cr-00109-CDS-DJA<br><br>**Order Granting Motion to Redact and Denying Motion for Temporary Release and Self-Surrender and Sentence Modification**<br><br>[ECF Nos. 137, 138, 139, 141, 146] |

On December 16, 2024, defendant Mykalai Kontilai filed a motion for voluntary surrender or temporary release so he can obtain surgery before commencing his custodial sentence of fifty-one months, which includes what the court construes as a motion for reconsideration of his sentence because he asks this court to modify his sentence to community confinement. Mot., ECF No. 138.[1] The United States opposes the motion. Opp'n, ECF No. 143. The motion is now fully briefed. Reply, ECF No. 148. Also pending before the court are two motions to seal (ECF No. 137; ECF No. 146). For the reasons set forth herein, the Court denies Kontilai's motion for voluntary surrender or temporary release, and his motion for reconsideration, and grants his two motions to redact.

I. Discussion

Kontilai asks for three forms of relief. First, he asks this court to release him to allow him to attend a consultation with a bariatric surgeon, explaining that he will then self-surrender after obtaining the surgery. Second, he asks that this court reconsider its custodial sentence and instead impose a sentence of home confinement as a custodial term would constitute "cruel and unusual punishment." Last, Kontilai renews his request that his Colorado case be removed from

---

[1] Kontilai filed a redacted version of his memorandum at ECF Nos. 139, 141. The court directs the Clerk of Court to unseal ECF No. 141, to strike ECF No. 139 as duplicative, and provides additional instructions, in the conclusion of this order. The court relied on the sealed version of this memorandum in resolving this motion, which is docketed at ECF No. 138-2.

the Presentence Investigation Report's "pending cases section." The court addresses each request in turn.

### A. Motion for temporary release and self-surrender.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. *See* 18 U.S.C. § 3582(b)–(c); *see also Dillion v. United States*, 560 U.S. 817 (2010). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the Bureau of Prisons (BOP) Director or defendant under Title 18, United States Code, Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal Rules of Criminal Procedure; and (3) when the defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). Only section 2 of 18 U.S.C. § 3582(c) is potentially applicable here. Rule 35 states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[2] Kontilai does not demonstrate any error that would trigger application of Rule 35(a). Accordingly, the court then evaluated whether an applicable statute would permit modification of his sentence.

Kontilai argues that 18 U.S.C. § 3141(b) permits this court to grant temporary release so he can self-surrender.[3] ECF No. 138-2 at 5. Kontilai is not seeking release pending appeal of his conviction or sentence.[4] Rather, Kontilai argues that because he is pending designation to the BOP facility, his sentence has not yet been executed. *Id.* As a threshold matter, Kontilai cites no points and authorities to support his argument that his sentence has not yet been executed. The

---

[2] The government seemingly relies on an outdated version of Rule 35 that permitted the court to act within *seven* days after the imposition of sentencing. *See* ECF No. 143 at 12. The rule was amended in 2009 to extend the time for the court to act from seven to fourteen days.

[3] Kontilai cited seven cases where defendants were given extended self-surrender dates. *See* ECF No. 138-2 at 6. Of the cases where defendants sought extensions of their self-surrender dates to commence their custodial terms, the defendants were *not detained* at sentencing and their requests were granted. Thus, unlike Kontilai, these defendants were not deemed a danger to the community and/or did not pose a risk of flight prior to their sentencing. *See* Det. order, ECF No. 61; Order denying mot. for reconsideration of det. order, ECF No. 83.

[4] Kontilai waived almost all his rights to appeal in his plea agreement. *See* ECF No. 124 at 17.

2

Ninth Circuit has long held that "[t]he only sentence that is legally cognizable is the actual **oral** pronouncement in the presence of the defendant." *United States v. Hoang Ai Le*, 2023 U.S. App. LEXIS 9584, at *1 (9th Cir. Apr. 21, 2023) (quoting *United States v. Munoz-Dela Rosa*, 495 F.2d 253, 256 (9th Cir. 1974) (per curiam) (citations omitted)) (emphasis added). And, under the provisions of 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Here, Kontilai's sentence was orally pronounced in his presence, he was already in primary federal custody at the time he was sentenced,[5] and he was remanded to the custody of the U.S. Marshal pending BOP designation. Mins. of proceeding, ECF No. 135. Stated otherwise, he has been sentenced and that sentence has been executed. Consequently, § 3141(b) is not applicable here. *See United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020) ("The statute authorizing the temporary release of defendants awaiting trial or sentence . . . **does not apply to sentenced defendants**.") (emphasis added).

      Kontilai also argues that 18 U.S.C. § 3142(i) permits this court to release him. ECF No. 138-2 at 7. But that statute applies to pretrial detainees, not defendants who have been sentenced. *See* 18 U.S.C. § 3142(i) (After a defendant has been detained, a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."); *United States v. Ruelas*, 2020 WL 2989019, at *1 (D. Ariz. June 3, 2020) (declining to analyze case under § 3142(i) because defendant conceded it did not apply as he was awaiting sentencing); *United States v. Lee*, 2020 WL 2084812, at *3 (E.D. Cal. Apr. 30, 2020) (noting, but

---

[5] *See* Presentence report, ECF No. 136 at 2 ("Kontilai was arrested by the deputies of the United States Marshals Service. On May 7, 2024, the defendant appeared before a United States Magistrate Judge and was ordered detained. Kontilai has since remained in continuous custody."); *id.* at 5, ¶ 8 (defendant has remained in continuous federal custody).

not deciding, that "Defendant is not awaiting trial, so, on its face, § 3142 does not apply to defendant at this stage"); *United States v. Hormozi*, 2020 U.S. Dist. LEXIS 124683, at *2 (E.D. Cal. July 15, 2020) ("[T]he statute authorizing courts to grant temporary release of defendants awaiting trial or sentencing—18 U.S.C. § 3142(i)—does not apply" because the defendant was already sentenced.). Indeed, Federal Rule of Criminal Procedure 46(a) states that "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern **pretrial release**." Fed. R. Crim. P. 46(a). As Kontilai is no longer in the pretrial stage, this statute is inapplicable and does not give this court authority to modify Kontilai's sentence. Therefore Kontilai's motion for temporary release and self-surrender is denied.

### B. Motion for reconsideration of Kontilai's sentence.

The court construes Kontilai's second requested relief, that is, that I grant community confinement instead of imprisonment, as a motion for reconsideration. As a threshold matter, Kontilai does not set forth the standard for reconsideration, which alone is grounds to deny the motion. I nonetheless considered the motion on the merits and find no reason to deviate from the already imposed fifty-one-month custodial sentence. First, applicable case law reveals there is no statutory mechanism that would permit me to reconsider his sentence at this time.[6] Second, Kontilai's arguments that the already-imposed custodial sentence constitutes cruel and unusual punishment[7] are misplaced. Such arguments are properly raised under 28 U.S.C. § 2255, wherein a petitioner may file a motion requesting the sentencing Court to vacate, set aside, or

---

[6] The court recognizes it permitted post-sentencing briefing on this issue for the court's consideration. Kontilai has not provided this court any authority that would permit modification of his sentence. His citation in his reply brief to *United States v. Nkanga*, 450 F. Supp. 3d 491 (S.D.N.Y. 2020), does not advance his position. There, the court found there was no mechanism to release the elderly doctor who was convicted of unlawfully distributing controlled substances because §§ 3143(a) and 3145(c) did not permit the court to grant bail to Nkanga because he was already sentenced and in federal custody. *Id.* at *494–96. The court also found that Nkanga's sentence began when he was in primary federal custody, which was the day he was sentenced and remanded. *Id.* at 495–96. Further, the court found that the defendant could have easily been released under the "exceptional circumstances" showing under 18 U.S.C. §§ 3143(a)(1) and 3145(c) due to the then-raging COVID-19 pandemic, together with the defendant's advanced age (67) and serious medical issues. *Id.* at 495. However, unlike Kontilai, Nkanga was determined to be neither a flight risk nor a danger to community. *Id.* at 493.

[7] *See* Mot., ECF No. 138-2 at 1–2; reply, ECF No. 147-2 at 2–3.

correct his sentence. 28 U.S.C. § 2255(a). Such motions may be brought on the following grounds: "(1) **the sentence was imposed in violation of the Constitution or laws of the United States**; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (emphasis added). Kontilai's arguments challenging the constitutionality of his custodial sentence are thus properly raised in a § 2255 motion.[8]

Further, even if there was a statutory mechanism to amend Kontilai's sentence, I would decline to do so. The information contained in Kontilai's post-sentencing motion is similar[9] to the arguments presented to, and already considered by, the court during the sentencing hearing. Thus, the court considered those factors, among the 3553(a) factors, in reaching the below guideline sentence of 51 months. Accordingly, Kontilai's motion for reconsideration is denied.

### C. Motion to remove Kontilai's District of Colorado case from his PSR's "pending cases" section is denied as moot.

In his reply, Kontilai renews his request made during his sentencing hearing that his case from the District of Colorado be removed from the Presentence Investigation Report's "pending cases section." ECF No. 148 at 4 at 13 n.3. This request is denied as moot. Kontilai's Colorado case is no longer listed as "pending." It is listed under the "other criminal conduct" section in the revised PSR. *See* ECF No. 136 at 19–22, ¶ 73.

---

[8] The court makes no finding as to Kontilai's ability to file such a motion considering his plea agreement. Rather, it addresses 28 U.S.C. § 2255 motions given the content of the reconsideration motion.

[9] Kontilai's motion discusses two issues raised by the court during sentencing: the conflict between his statement in the PSR that he knows no specific information regarding his biological parents with the argument his biological mother died of thyroid cancer, and statements regarding his medical conditions. *See* ECF No. 138-2 at 3–4. Although the court highlighted those items, they were just two of many factors the court considered in deciding which sentence was sufficient but not greater than necessary to achieve the goals and objectives and sentencings. Those factors included but were not limited to Kontilai's health issues, familial ties, the nature and circumstances of the offense, the fact that he pleaded guilty and agreed to paid over $6 million dollars in restitution, the relevant conduct of the overall scheme involving over $32 million dollars, the guidelines, his flight from prosecution, his attempt to seek asylum in a foreign country, and more.

II.  Conclusion

IT IS THEREFORE ORDERED that Kontilai's motion for voluntary surrender [ECF Nos. 138/141] is DENIED. The Clerk of Court is instructed to strike [ECF No. 139] as duplicative.

IT IS FURTHER ORDERED that Kontilai's motions to seal, which are requests to redact, [ECF Nos. 137, 146] are GRANTED. The Clerk of Court is instructed to maintain the seal on ECF No. 138 and ECF No. 147.

Counsel for Kontilai is ordered to file a corrected image of Exhibit F, ECF No. 141-6, as it violates Local Rule IC 6-1(a)(3) ("If an individual's date of birth must be included, only the year should be used."). The redacted version must be filed using the "notice of corrected image" event to link it to the existing filing by January 10, 2025. The Clerk of Court will thereafter seal ECF No. 141-6 pursuant to Fed. R. Civ. P. 5.2(a)(2).

Dated: January 6, 2025

_____
Cristina D. Silva
United States District Judge